UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES SCHWAB & CO., INC., | : CIVIL ACTION NO.: 3:16-cv-00236 |
| Plaintiff, | : |
| v. | : JUDGE: JAMES J. BRADY |
| | : MAGISTRATE RICHARD L. BOURGEOIS, JR. |
| DONALD NEWTON, | : |
| Defendant. | : |

**PRELIMINARY INJUNCTION ORDER & ORDER COMPELLING
ARBITRATION IN ACCORDANCE
WITH THE PARTIES' ARBITRATION AGREEMENT**

AND NOW, this 2nd day of May, 2016, upon consideration of the Complaint, Motion of Plaintiff (Doc. 3) Charles Schwab & Co., Inc. ("Plaintiff" or "Schwab") for a preliminary injunction, and Motion of Plaintiff (Doc. 9) for an order compelling the parties to arbitrate in accordance with the terms of their arbitration agreement, and other submissions in support thereof, as well as upon consideration of any opposition papers submitted by the Defendant, and having determined that:

1. Under Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure, Schwab has the express right to seek interim injunctive relief from a court of competent jurisdiction against defendant Donald Newton ("Newton" or "Defendant") pending an arbitration hearing before a full panel of duly-appointed arbitrators;

2. Newton has and will continue to violate Schwab's rights with respect to its property, proprietary and confidential information, competitive interests, and contracts unless he is restrained therefrom;

3. Plaintiff will suffer irreparable harm and loss if Defendant is permitted to: (a) convert Plaintiff's confidential information and other property to Defendant's own personal use and benefit, and (b) solicit and contact Schwab clients to do business with Defendant;

4. Plaintiff has no adequate remedy at law;

5. Greater injury will be inflicted upon Plaintiff by the denial of interim injunctive relief than would be inflicted upon Defendant by the granting of such relief, and the public interest will be served by the issuance of injunctive relief; and

6. The parties have agreed to proceed with an expedited arbitration on the merits before a duly appointed panel of arbitrators in accordance with Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure.

Accordingly, **IT IS HEREBY ORDERED THAT** the Motions (Docs. 3 & 9) are **GRANTED** as follows:

1. Newton, and anyone acting in concert or participation with him, including his counsel, and any agent, employee, officer or representative of any subsequent employer, are ordered to provide to Plaintiff's counsel any and all records or information pertaining to Schwab or its clients, whether in original, copied, computerized, handwritten or any other form (even if recreated from memory), and to purge any such information

from his possession, custody, or control, within 24 hours of notice to Newton or his counsel of the terms of this Order; provided, however, that any information in computerized or electronic form (including but not limited to personal computers, laptop computers, Android phones, iPhones, iPads, mobile telephones, flash [thumb] drives and any other device or media in, or on, which data can be electronically stored) shall be provided by Newton to his counsel within 24 hours of notice to Newton or his counsel of the terms of the Court's Order, and his counsel shall preserve the integrity of such data, devices and storage media, and shall immediately (and in no event later than 5 calendar days after the entry of this Order) make any and all such data, devices and media available for inspection, imaging and duplication by Plaintiff's counsel and/or Plaintiff's computer forensic consultants. After imaging and inspection of the electronic devices by Schwab, any Schwab or client information shall be deleted and/or purged from the devices by Schwab.

2. Newton is hereby enjoined, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of any new employer, from:

    a. using, disclosing, or transmitting for any purpose, including the solicitation or conducting of business or initiation of any contact with Schwab clients, the information contained in the records of Schwab, or other information pertaining to Schwab clients, including, but not limited to, the names, addresses, telephone numbers, email addresses, personal data and financial information of the clients (excluding members of Newton's

immediate family and any clients who have signed account transfer forms to do business with Newton at a firm unrelated to Schwab);

b. soliciting any business from, or initiating any contact or communication with, any Louisiana-based client of Schwab whom Newton serviced or about whom he gained Confidential Information (the "Clients"), including for the purpose of notifying them of his subsequent employment or for purposes of encouraging or inducing them to divert business from Schwab (excluding members of Newton's immediate family, clients listed in Exhibit A to the Schwab Confidentiality, Non-Solicitation, and Intellectual Property Ownership Agreement or any similar agreements between Schwab and Newton, and any clients who have signed account transfer forms to do business with Newton at a firm unrelated to Schwab);

c. destroying, erasing or otherwise making unavailable for further proceedings in this matter or the related arbitration, any records or documents (including data or information maintained in computer files or other electronic storage media) in Defendant's possession or control which were obtained from, or contain information derived from, any Schwab records, which pertain to

Schwab's clients, or which relate to any of the events alleged in the Complaint in this action.

3. The parties are ordered to proceed with an expedited arbitration on the merits before a duly appointed panel of arbitrators in accordance with Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure. Plaintiff's Motion for Expedited Deposition Discovery (Doc. 7) is **DENIED**.

**SO ORDERED.**

Signed on the 2nd day of MAY, 2016 at 2:45 o'clock in the p.m.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE
JAMES J. BRADY